DUFRESNE, Judge.
In this child custody case the mother, Gail Griffin Moffatt, appeals the judgment of the trial court altering the joint custody arrangement of their two minor children.
Gail (Moffatt) Chaisson and James Moffatt, Sr. were married on August 5, 1978, and of this union two children were born, James, Jr. and Jamilynn. The parties were divorced on April 18, 1984, and the court awarded joint custody of the minor children with primary or custodial care given to the mother.
On June 27, 1986, the trial court altered the custody arrangement awarding the primary care of the children to the father. From this judgment the mother has appealed. The sole issue before this court is whether there was a showing of a change of circumstances materially affecting the welfare of the children to warrant a change in the joint custody arrangement.
In this case, both parents requested joint custody, however the dilemma is with whom do the children maintain a primary residence.
The trial judge presented valid considerations in his oral reasons for judgment which we cite here:
“In designating Mr. Moffatt as the domiciliary or primary custodial parent, this court has taken into consideration the testimony of the former Mrs. Moffatt, Gail Griffin Chaisson, and her new husband, Mr. Chaisson, as well as the testimony of Mr. Moffatt and the present Mrs. Moffatt. It is this court’s opinion that due to the fact that Mr. and Mrs. Chaisson, while physically separated, chose to date each other, with Mr. Chais-son sleeping over several times a week mitigates against a stable and consistent environment, and would seem to be confusing to any child, especially the Mof-fatt children.
Moreover, the differences in disciplinary attitudes between Mr. and Mrs. Chais-son, with Mr. Chaisson being the stricter parent, as testified to by Mrs. Chaisson, leaves this court to conclude that there is a lack of continuity or similar parenting skills in the Chaisson household. The testimony of Dr. Margaret Perezoon, while helpful to this court with regards to the psychology of the Moffatt children, did not influence this court in it’s [sic] decision today. It merely corroborated the opinion of this court that the best interest of James, Jr. and Jamilynn would be better served if their father was the primary custodial parent.
This court was impressed with the testimony of Marguerite Moffatt, Mr. Mof-fatt’s present wife, insofar as she appeared to be a down-to-earth, warm and sincere person who can hopefully contribute to the children’s emotional and physical wellbeing. This is not to say that the children’s mother, Mrs. Chaisson, did not exhibit a very loving and maternal attitude towards her children. This court is especially pleased that the Moffatt children are greatly loved by both parents, and the grandparents and that both parents have the capacity and disposition to give their children affection, educational, moral and religious guidance and can provide them with more than the physical necessities of life.
This court finds that while both parties are morally fit, and mentally and physically healthy, Mrs. Chaisson’s personal problems with her husband interfere somewhat in this court’s opinion, in providing a satisfactory and wholesome environment for her children. Perhaps in *853 time, Mrs. Chaisson will resolve her problems and will be able to concentrate on the upbringing of her children without the presence of an emotionally draining relationship with Mr. Chaisson.
This court further finds that the testimony of Mr. and Mrs. Moffatt regarding a perspective school for James, Jr. in the Baton Rouge area satisfies this court that the educational needs of James, Jr., and later for Jamilynn, will be met. Furthermore, the fact that the Moffatts have resided in the same home, which they purchased, for a period of two years, and that they regularly attend a local church, leads this court to the conclusion that the Moffatt home has a semblance of permanence. This court is aware of the distance between the respective residence of the parents, namely, Baton Rouge and the Westbank area of Jefferson Parish, and is further conscious of the possible unwillingness and inability of each parent to encourage and facilitate a close and continuing parent/child relationship between the children and the other parent. For this reason, it is strenuously advised by this court that the parties rectify whatever ill feelings exist between them so as to avoid permanent devastating effects on the emotional, psychological and physical health of the children.”
The trial judge’s reasons clearly set forth what is contained in the record. He took into consideration various factors, including geographical distance between the homes of the respective parents, educational standards, home environment, church activities, step-parents, affection and attention, and other external personal difficulties of the parents, all of which mitigated in favor of the father.
The Supreme Court in Bergeron v. Bergeron, 492 So.2d 1193 (La.1986) indicated that in altering the custody arrangement, whether it is joint or sole custody, the best interest of the child should be considered uppermost.
In the present case, our review of the record supports the trial court’s judgment as cited in his oral reasons. We are also mindful that a trial court is vested with much discretion in child custody matters and find the evidence convincing that the best interests of the children here were served in naming the father, James Mof-fatt, the primary custodial parent of the minor children.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED